IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| SHEILA AROCHA,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONWIDE CREDIT, INC.,<br><br>    Defendants. | CASE NO. _____<br><br>In the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida<br>Case No. 11-06408-CC-25 |

## NOTICE OF REMOVAL

Defendant Nationwide Credit, Inc. ("Nationwide"), respectfully notifies this Court pursuant to 28 U.S.C. § 1441 that it has this day removed this action from the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, to this Court.  Plaintiff Sheila Arocha ("Plaintiff") asserts a cause of action under the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a *et seq.*, and the Florida Consumer Collection Practices Act ("FCCPA"), FLA. STAT. § 559.55 *et seq*.  Removal is based on the grounds that federal question jurisdiction exists over this action because Plaintiff's claims arise under federal law.  In support of removal, Nationwide submits this Notice.

### I.     INTRODUCTION

1.     This action was commenced in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, on May 2, 2011, bearing Case No. 11-06408-CC-25.  On May 3, 2011, Nationwide received a copy of Plaintiff's Complaint.  A true and correct copy of all processes, pleadings, and orders served upon Nationwide and subsequent responsive pleadings in this action to date are attached as Exhibit A.

2. Removal of this case is timely, in accordance with 28 U.S.C. § 1446(b), because this Notice is filed within 30 days of May 3, 2011, which is the date Nationwide received service of the Summons and Complaint in this action.

## II. JURISDICTION

3. This is a civil action over which this court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1367 (supplemental jurisdiction).

### A. Federal Question Jurisdiction

4. Nationwide denies each and every substantive allegation made by Plaintiff. However, because Plaintiff purports to assert claims arising under the laws of the United States, this Court possesses jurisdiction over the matter pursuant to 28 U.S.C. § 1331.

5. Plaintiff's Complaint alleges violations of the FDCPA, 15 U.S.C. § 1692a *et seq.* The Complaint states that the Plaintiff seeks relief under the FDCPA and alleges that Nationwide violated the FDCPA's requirements regarding false or misleading representations. *See* Compl., Ex. A.

6. To the extent that Plaintiff purports to state a claim under the FDCPA, this Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction). It is well recognized that actions filed in state courts that purport to state claims under the FDCPA may be removed to federal court. *See Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1369 (11th Cir. 1998); *Keston v. FirstCollect, Inc.*, 523 F. Supp. 2d 1348, 1351 (S.D. Fla. 2007). Nationwide denies that Plaintiff can state a claim under the FDCPA.

**B.     Supplemental Jurisdiction**

7.     Plaintiff also purports to allege state-law claims under the FCCPA, FLA. STAT. § 559.55 *et seq*.  *See* Compl., Ex. A.  These claims should be removed as well, under 28 U.S.C. §§ 1367 and 1441.

8.     This Court has supplemental jurisdiction over Plaintiff's state-law claims because these claims arise out of the same operative facts as the Plaintiff's FDCPA claims and "form part of the same case or controversy under Article III of the United States Constitution."  *See* 28 U.S.C. § 1367(a).

9.     This action is removable to this Court pursuant to 28 U.S.C. § 1441(b) without regard to the citizenship of the parties because Plaintiff could have originally filed it in this court pursuant to the federal question jurisdiction conferred by 28 U.S.C. § 1331.  Supplemental jurisdiction exists with respect to any additional claims pursuant to 28 U.S.C. § 1367, and removal is therefore proper under § 1441(c).

### III.     VENUE

10.    Venue for removal is proper in this district and division under 28 U.S.C. § 1441(a) because this district and division embrace the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida, the forum in which the removed action was pending.

11.    Concurrently with the filing of this Notice, Nationwide will file a copy of this Notice of Removal with the Clerk of the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.  The contents of Exhibit A constitute the entire file of the action in the County Court of the 11th Judicial Circuit in and for Miami-Dade County, Florida.

**WHEREFORE**, Nationwide respectfully submits that this Notice complies with the statutory removal requirements; that this action should proceed in this Court as a properly

removed action; and that Defendants should have such other and further relief as this Court may deem just and proper.

Dated:  May 23, 2011  Respectfully submitted,

        MORRIS, LAING, EVANS, BROCK
         & KENNEDY, Chartered

    By    /s/ Jeremy W. Harris
        Jeremy W. Harris, FL #0041131
        300 N. Mead, Suite 200
        Wichita, Kansas 67202-2745
        Telephone: 316.262.2671
        Facsimile: 316.262.6226
          *Attorneys for Defendant Nationwide Credit, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that I have caused a true and correct copy of the foregoing to be delivered via certified mail, return receipt requested, on this the 23rd day of May, 2011. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified.

                                                              /s/ Jeremy W. Harris
                                                              Jeremy W. Harris

**SERVICE LIST**
**Sheila Arocha v. Nationwide Credit, Inc.**
**Case No. _____**
**United States District Court, Southern District of Florida**
**In the County Court of the 11th Judicial Circuit in and for**
**Miami-Dade County, Florida, Case No. 11-06408-CC-25**

Erik Kardatzke, Esq.
Debt Defense, P.L.
6915 Red Road, Suite 200
Coral Gables, FL 33143
Telephone: (305) 444-4323
*Attorney for Plaintiff*

Jeremy W. Harris, Esq.
Morris, Laing, Evans, Brock & Kennedy, Chtd.
300 N. Mead, Suite 200
Wichita, Kansas 67202-2745
Telephone: (316) 262-2671
Facsimile: (316) 262-6226
E-mail: jharris@morrislaing.com
*Attorney for Defendant*